# Warfield *versus* Fox.

1. A will was proved in 1843; one daughter of the testator was then a minor and attained full age in 1855; another was covert and became discovert in 1851. A suit was brought in 1864 to contest the will. *Held*, that the plaintiffs were barred by the 7th section of the Act of April 22d 1856.

2. This section includes all persons whether under disability or not.

3. The Act of 1856 does not purport to be a supplement to the Act of 1785, and the two are not to be construed as one.

4. No other exception from the operation of the 7th section was intended, than the one expressed.

5. A saving from the operation of statutes for disabilities must be expressed or it does not exist. A law general in its nature binds minors and femes covert.

6. Miller *v.* Franciscus, 4 Wright 339, overruled.

7. The probate of a will devising real estate is conclusive on all persons whether infants, femes covert, *non compotes mentis* or not, unless contested within five years, as pointed out by the 7th section of the Act of 1856.

Error to the Court of Common Pleas of *Greene county*.

This was ejectment, by Samuel Warfield and Hannah his wife, in her right, and others, children and grandchildren of Abraham Stewart, deceased, against Dennis and John Fox.

Abraham Stewart was owner of the land in dispute, and died about the 1st of July 1843, having made his will dated June 15th, and proved July 13th of the same year.

The will is signed by the testator's mark, and is as follows:—

"I give and bequeath to my loving wife, Sarah, my real and personal estate as long as she remains my widow; afterwards to my three sons, Joseph, Abram and John, and when they get possession, they are to pay in one year after $20 to my daughter Mary, and so on annually $20 to each of my daughters, until $140 is paid. And I appoint my wife Sarah and son Joseph executors."

He left his widow and ten children to survive him. One of them, Mary Ferrel, at his death was a feme covert, another, Hannah Warfield, was an infant about nine years old, and was married August 15th 1850. Mary Ferrel's husband died about 1851, and Mary died about 1861, leaving nine children, who with Hannah Warfield and three other children of the testator are plaintiffs in this suit. The defendants are in possession of the land in dispute by conveyances from the widow and children of the testator, the first is dated in 1860. The suit was brought December 2d 1864.

[Warfield v. Fox.]

The plaintiffs claimed to recover as heirs at law of Abraham Stewart, alleging and giving some evidence to show that the will was not duly executed, and that therefore he died intestate.

In the court below the defendants relied on the 7th section of Act of Assembly of 22d of April 1856, Purd. 654, Pamph. L. 532, entitled " An act for the greater certainty of title, and more secure enjoyment of real estate," which declares, that the probate of a register of the proper county of any will devising real estate shall be conclusive as to such realty, unless within *five years from the date of such probate* those interested to controvert it, shall by action at law, contest the validity of such will, as to such realty; provided, that all persons who would be sooner barred by this section taking immediate effect, shall not be thereby barred before two years from date hereof." This act by its terms went into effect October 1st 1856. By the 1st section of this act, infants, *femes covert* and other persons laboring under disabilities, shall not after thirty years have elapsed since the right of entry thereto accrued, maintain any action for the recovery of lands, &c. " Provided, that all persons who now have rights unbarred, and who would sooner be barred by this section, shall not be thereby barred for five years from the date thereof."

The plaintiffs claimed that the 1st section of the act saved the rights of Mrs. Warfield and the Ferrels, on account of their disabilities of coverture and minority.

The court (Gilmore, P. J.) after stating the facts, and commenting on the Acts of Assembly referred to, with the decisions on them, charged :—

" From this you will see that according to our view, these disabilities of some of the plaintiffs will not avail them against the statute, and that therefore they cannot contest the validity of the will."

There was a verdict for the defendants, and the charge of the court was assigned for error.

*Sayers & Downey*, for plaintiffs in error, cited Marple *v.* Myers, 2 Jones 122; Weddle *v.* Robertson, 6 Watts 486; Kenyon *v.* Stewart, 8 Wright 179; Miller *v.* Franciscus, 4 Id. 339.

*Black, Wyly & Buchanan*, for defendants in error, cited Kenyon *v.* Stewart, 8 Wright 179; Crow *v.* Kightlinger, 1 Casey 343; McDowell *v.* Potter, 8 Barr 189.

The opinion of the court was delivered, January 28th 1867, by STRONG, J.—The single question is, whether the 7th section of the Act of April 22d 1856, entitled " An act for the greater certainty of title, and more secure enjoyment of real estate," bars the plaintiffs against contesting the will of Abraham Stewart,

deceased. The will was admitted to probate by the register, on the 13th of July 1843. All the plaintiffs claim as heirs at law of the decedent, either as children or grandchildren. At the time of the probate, Hannah Warfield, one of the children, was a minor, about nine years of age. She attained her majority in 1855. Mrs. Ferrel, another child, was a *feme covert* at the date of the probate. She became discovert in 1851 and died in 1864, leaving children, who are some of the plaintiffs. This ejectment was brought in 1864, more than eight years after the passage of the Act of 1856. The plaintiffs insist that, notwithstanding the 7th section of that act, they are not concluded by the probate of the will, because Hannah Warfield was at the time under the disability of infancy, and Mrs. Ferrel was under that of coverture, and they claim that the proviso to the Act of March 26th 1785 enabled them to contest the probate at any time within ten years after the disabilities ceased, and this though they were under no disability when the Act of 1856 became a law. This position, however, is untenable. The 7th section of the Act of 1856 applies to all persons. It includes those who are under disabilities as well as those who are not. It makes no exception in favor of minors and those who are *femes covert.* Why then should the proviso to the Act of 1785 be incorporated into it? The Act of 1856 does not purport to be a supplement to the old statute of limitations, and the two acts are not on that account to be construed as one. Nor do they relate to the same subject-matter, if the 1st section of the later act be excepted, and the plain purpose of that section was to impose narrower limits to rights of entry than those that had been allowed. The Act of 1856 had many purposes, all included, it is true, in the general one to give greater security to the enjoyment of real estate, but each section has a distinct subject. The 7th aims only to give finality to probates of wills under which real estate is held. The 2d section of the Act of 1785, and the provisoes to it contained in the 3d and 4th sections, relate exclusively to entries upon lands held adversely, or actions to recover lands thus held. The provisoes are extensions of the limitations previously imposed upon entries or actions, and their subject-matter no more resembles that of the 7th section of the Act of 1856, than it does that of acts limiting the lien of judgments or decedents' debts, and prescribing within what time a scire facias must be sued out to continue them. If infants, *femes covert* and persons *non compotes mentis* are relieved from the operation of the Act of 1856, for the same reason they must be held not bound by the other class of acts. It is said the provisoes of the Act of 1785 were not repealed by the Act of 1856, that they were only modified by the 1st section. But what of that? Surely it does not follow that their operation is extended, and made to embrace a thing not within the act to

[Warfield *v.* Fox.]

which they were made exceptions. It is still to be considered whether the legislature has made them a part of the new act, and has engrafted them upon the 7th section. Directly they have not, and it is impossible to read the whole act without seeing that there is no necessary connection between its different sections. By no rule of construction, therefore, is the one to be considered as enlarged or restrained by the others. Moreover, it is a just inference from the structure of the 7th section itself, that no other exception from its operation was intended than the one expressed. It embraces every will devising real estate, limiting the right to contest a probate to five years, with a saving that all persons who would be sooner bound by it should not be barred for two years from its date. The legislature then had in view the subject of exceptions from the generality of the enactment, and if infants and *femes covert* were intended to be excepted, it is incomprehensible that the exception was not expressly made. A saving from the operation of statutes for disabilities must be expressed, or it does not exist: Mobly *v.* Oecker, 3 Yeates 202; Beckford *v.* Wade, 17 Vesey 94. A law general in its nature binds minors and *femes covert*, and there is a multitude of statutes by which the rights of such persons are affected, though they are not specially named. Even the 5th section of the Act of March 26th 1785 is binding upon minors, though they are not mentioned.

And if we look to the entire act, it manifests an intent to quiet the title to real estate, and to remove some of the uncertainties that clouded it. The 1st section is a restriction upon the prior rights of those under disabilities, and the six next following sections are framed for protection against claims that are old and not evidenced by writing or record. They recognise no disabilities. And there is much reason for distinguishing between the cases referred to in those sections and cases of claims against an adverse possession. They refer to the effect of records; to parol contracts for the sale of lands, and to rights lying in equity. If it is a matter of public interest that titles to land should be quieted, it can be no hardship comparable to the mischief of permitting judicial decrees to be indefinitely liable to attack, or trusts unexecuted, and not in writing, to be asserted, that minors, *femes covert* and persons *non compotes mentis* should be held to the same limitations as those applied to others. Ordinarily, they have guardians or committees; if *covert*, they have husbands who may maintain their rights, whose interest and duty it is to assert them. The danger of loss resulting from such disabilities is far more than overbalanced by the mischiefs that flow from a continuing uncertainty (it may be for thirty years) whether any claim will be asserted, especially when the claim is one only in equity, which a chancellor always requires to be promptly enforced, or

[Warfield *v*. Fox.]

when it is against the prima facies of a record. These considerations, and others like them, were doubtless the motives that induced the enactment of the 7th section. While all claims against one holding adversely were restricted in duration to thirty years, claims of the kind described in the 6th and 7th sections were barred in five years without any exception for disability.

It would seem that there could be little doubt of this, were it not for Miller *v*. Franciscus, 4 Wright 335. In that case it was said that an infant was not within the 6th section of the Act of 1856, and that that section is inapplicable to persons under legal disabilities. The court appear to have concluded this from the fact that the act only modified the provisoes of the Statute of 1785 without repealing them. But, admitting the fact, it is not a necessary sequence that those provisions be held exceptions to the generality of the enactment restricting the time within which action may be brought to enforce the claims described in the 6th section. And if it be true, as the authorities show, that there can be no exception to a statute of limitations in general words, unless it be expressly mentioned in the statute itself, it was an error to hold that an infant is not within the 6th section. It is idle to attempt a distinction in this respect between the 6th and the 7th sections. If a legal disability relieves from the limitation of the one section, it must from that of the other. But we are of opinion that the judgment in Miller *v*. Franciscus was placed upon an unsound basis. It was doubtless right to reverse the judgment of the court below; but the reasons given for the reversal were not such as commend themselves to our approval. We hold, therefore, that the probate by the register of the proper county of any will devising real estate is conclusive upon all persons, whether infants, *femes covert*, *non compotes mentis* or not, unless within five years from the date of such probate the validity of the will shall be contested in the manner pointed out by the 7th section of the Act of 1856. Any other ruling would make that act in some cases an enlarging rather than a restraining one. It would in this case. Mrs. Warfield had attained her majority before the act was passed, and Mrs. Ferrell was discovert. There was nothing in the disabilities, which existed in 1843, to prevent their contesting the probate of the will of Abraham Stewart within two years from its passage. And yet, if the position of the plaintiff be correct, they had until 1866. It ought clearly to appear that such was the intention of the legislature before we can adopt that construction of the statute. We have not referred to Kenyon *v*. Stewart, 8 Wright 179, because it was not intended in that case to deny the doctrine advanced in Miller *v*. Franciscus. Yet the decision in Kenyon *v*. Stewart cannot be supported if effect be given to what was said in the other case.

Entertaining the opinions we have expressed respecting the

[Warfield v. Fox.]

limitations of the Act of 1856, we discover no error in the record now before us.

The judgment is affirmed.

WOODWARD, C. J., dissents from so much of the opinion as overrules Miller v. Franciscus.