## M. L. Williams *v.* R. B. Ivory, Appellant.

[Marked to be reported.]

*Infant—Assignment for benefit of creditors—Warrant of arrest—Act of July* 12, 1842.

As the act of July 12, 1842, P. L. 339, makes no distinction of persons in describing those who may obtain its benefits, it does not exclude minors, and it must be held to confer upon minors capacity to make the necessary deed of assignment by which alone the benefits of the act can be obtained.

A minor while in custody under a warrant of arrest under the act of July 12, 1842, executed a general deed of assignment for the benefit of his creditors for the purpose of securing his discharge under the provisions of the 13th and subsequent sections of the act. The fraud alleged against the minor was that he represented himself to be a person of full age to certain merchants of whom he had purchased goods, and thereafter

refused to pay for them on the ground that he was a minor and not responsible for them. Upon the delivery of the deed of assignment the minor was discharged from arrest. *Held,* (1) that the deed of assignment was a valid and binding instrument.

Argued October 15, 1895. Appeal, No. 163, Oct. T., 1895, by defendant, from decree of C. P. Armstrong Co., June T., 1889, No. 51, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for an account and to declare void a deed of assignment for benefit of creditors.

The case was referred to H. L. Golden, Esq., as master, who reported the facts to be as follows :

1. On June 14, 1884, and for some time prior thereto, Mr. M. L. Williams, the plaintiff, was and had been engaged in the mercantile business in Kittanning, Pa., and while carrying on said business had become involved and indebted to a considerable extent for goods purchased for said business. When suits were brought against him prior to said June 14, 1884, he pleaded "infancy" to certain claims, and thereupon Jas. A. Reed and A. D. Sharp, partners as Reed, Beatty & Co., creditors of said Williams, proceeded against him by warrant of arrest under the act of assembly of July 12, 1842, entitled "An act to abolish imprisonment for debt, and to punish fraudulent debtors," P. L. page 339. The fraud alleged was that said Williams "had falsely, and with intent to defraud the plaintiffs, represented before he purchased the goods that he was a person of full age, and having received said goods upon such false and fraudulent representations, now refuses to pay for said goods on the ground that he is a minor, and therefore not responsible for the same." In this proceeding a warrant of arrest against the said Williams was duly issued by the Hon. James B. Neale, president judge of Armstrong county, on May 27, 1884, and Williams was arrested on the same day. The hearing in the matter was postponed until June 16, 1884, and the defendant ordered to give bail for his appearance in the sum of $400, which bail was duly given. On June 13, 1884, Williams filed an affidavit of defense wherein he says that the statements of the plaintiff in the petition in the proceeding just referred to "are wholly false and untrue, except as much thereof as states

the amount of defendant's indebtedness, which is correct; which indebtedness was incurred in the usual course of business without any fraud or falsehood either in fact or intention; and that this deponent has never yet entered any plea of minority to the suit mentioned in the said complaint, and this deponent further avers that he has the right to plead minority and the same would be no reason for the proceeding in this case. And he therefore prays that the whole proceeding may be dismissed at the costs of the complainants."

2. On June 14, 1884, the said Williams, while in debt and under arrest as aforesaid, executed and delivered to R. B. Ivory, Esq., his attorney in the proceedings just mentioned, a deed of assignment which will be found attached as exhibit "A" to the bill in this case, and is in the form of a deed of general and voluntary assignment for the benefit of creditors. This deed was duly recorded in the office of recorder of deeds for Armstrong county within thirty days after the execution thereof, appraisers were duly appointed on the petition of said assignee on June 16, 1884, and appraisement made and returned to the proper court on June 26, 1884, and bond was duly given by said assignee in double the amount of the appraised value of the estate of said Williams. The assignee took charge of the personal property of said Williams, or a great portion of it at least, under said deed, converted it into money and also received certain money from accounts due said assignor. The appraised value of the estate according to the appraisement list aforesaid was $1,163.55. On August 9, 1884, a supplemental appraisement list was filed showing good accounts due said Williams to the amount of $360.16.

3. Upon making the deed of assignment aforesaid M. L. Williams was discharged by the Hon. James B. Neale, judge of the court of common pleas, in the proceeding by warrant of arrest before mentioned.

4. At the time Williams executed and delivered said assignment he was under the age of twenty-one years, and this fact was known to the said R. B. Ivory, Esq.

5. The said R. B. Ivory, Esq., has never filed an account as assignee aforesaid nor in any way settled his trust so far as the evidence shows.

6. The said assignee, a short time prior to September, 1884,

filed a bill in equity against said Williams to compel the delivery of certain securities held by said Williams. The bill was filed at No. 251 September term, 1884, and to it said Williams filed an answer. Neither the bill nor answer have been offered in evidence.

7. The said Williams, a short time after the filing of the bill aforesaid, brought suit against said Ivory to recover the value of the goods and property of the said Williams received by the said Ivory under the deed of assignment before mentioned, but the action or rather the trial thereof was postponed on the ground that the court had already taken jurisdiction of the subject-matter thereof by the equity proceeding at No. 251 September term, 1884. The record of said action brought by said Williams has not been offered in evidence, but the bill in the case before the master alleges the above stated facts, and the answer of the defendant admits their truth.

8. On March 19, 1889, the present bill was filed at No. 51 June term, 1889. It is termed a cross bill and yet is filed at a separate number and term from the bill referred to therein as being the original bill. On January 8, 1892, the answer was filed. It is termed an original answer although it is perfectly clear that it was filed as an answer to the bill at No. 51 June term, 1889, and has been so treated by all parties.

The master recommended a decree in favor of the plaintiff.

Exceptions to the master's report were dismissed by the court and the following decree entered:

And now April 1, 1895, the report of the master having been confirmed it is further ordered, adjudged and decreed that the deed of assignment, dated June 14, 1884, from M. L. Williams to R. B. Ivory and recorded in Armstrong county, deed book vol. 61, page 549, is void and of no effect; that said deed be surrendered for cancellation, and the record thereof be canceled, and that the same be marked by the recorder of deeds of Armstrong county canceled, and made null and void as per this decree.

It is further ordered that said R. B. Ivory state and file an account for all money and property received by him under said deed of assignment, and it is further ordered and decreed that the said M. L. Williams pay one half the costs of this proceeding and the said R. B. Ivory the other half of said costs, includ-

ing a fee of $100 to the master, H. L. Golden, Esq. The account of the said R. B. Ivory for all moneys and property received and had by him under said deed of assignment to be filed with the master on or before May 1, 1895.

*Errors assigned* were, (1) in dismissing defendant's demurrer; (2–18) in dismissing exceptions to master's report; (19) in entering above decree, quoting it.

*J. M. Hunter, W. D. Patton* and *J. A. Beatty* with him, for appellant.—A saving from the operation of statutes for disabilities must be expressed or it does not exist. A law general in its nature binds minors and femes covert: People ex rel. Smith v. Millin, 25 Wend. 697; Warfield v. Fox, 53 Pa. 382; Hunt v. Wall, 75 Pa. 413; Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76; Folmais' App., 68 Pa. 482; Metz v. Hipps, 96 Pa. 15; McCall v. Parker, 13 Met. (Mass.) 372.

*J. W. King, H. N. Snyder* with him, for appellee.—The deed of a minor is certainly voidable: Story's Eq. Jurisprudence, vol. 1, sec. 240–242; Moore v. Hershey, 90 Pa. 196; Ruchizky v. DeHaven, 97 Pa. 202; The People's Bank's Appeal, 93 Pa. 107; Brightly's Eq. Jurisprudence, sec. 75; Shaw v. Boyd, 5 S. & R. 309; Urban v. Grimes, 2 Grant, 96; Schrader v. Decker, 9 Pa. 14; Crawford v. Scovell, 94 Pa. 48; Williams and Confer v. Baker and Wife, 71 Pa. 476.

A deed of assignment by a minor is voidable: Am. & Eng. Ency. of Law, vol. 1, p. 846, note 4, and vol. 10, p. 634; Burrell on Assignments, 2d ed., v. 37; Tricket on Assignments, sec. 5, p. 8.

OPINION BY Mr. JUSTICE GREEN, February 17, 1896:

The master found that the plaintiff was arrested upon proceedings by warrant of arrest under the act of July 12, 1842, abolishing imprisonment for debt: that the fraud alleged against him was that he represented himself to be a person of full age to certain merchants of whom he had purchased goods upon credit and thereby obtained the goods and thereafter refused to pay for them on the ground that he was a minor and not responsible for them. The master also finds that upon the

hearing of the complaint before the judge who granted the warrant a postponement of the further proceedings was ordered until June 16, 1884, and that on the 14th of June, 1884, Williams while under arrest as aforesaid executed and delivered to the defendant who was his attorney at law in the case, a deed of general and voluntary assignment of all his property, real, personal and mixed for the benefit of his creditors : That the assignee duly recorded the deed, had the property appraised, gave the proper bond as assignee, took possession of the personal property assigned, or a great part of it, converted it into money, and also collected certain accounts due to the assignor. The master further finds that upon giving the deed of assignment the plaintiff was discharged from arrest by the judge who heard the cause and also that the plaintiff was at the time he executed the deed of assignment under twenty-one years of age. We regard these findings as entirely sufficient to show that the plaintiff obtained his discharge by availing himself of the provisions of the 13th and subsequent sections of the act of 1842 which regulate the proceedings for obtaining a discharge by insolvent debtors. The only serious question in the case therefore is the validity of the deed of assignment thus executed. We can see no reason why it is not an entirely valid and binding instrument. It was given in the course of a judicial proceeding to which the plaintiff was lawfully subject notwithstanding his minority.

By means of a decree obtained at his instance, and the fruits of which he accepted and enjoyed, he procured his discharge from arrest by executing a deed of assignment for the benefit of his creditors in strict accordance with the law. That law is applicable to all persons alike who become subject to its provisions. The plaintiff was not bound to avail himself of those provisions. He could have remained under arrest. But when he invoked the aid of the law to be extricated from his position he must necessarily do those things which the law requires to be done in order to get the benefit of its provisions. The act of 1842 makes no distinction of persons in describing those who may obtain its benefits. It expressly says that " Any person committed as above provided etc. may present a petition to the court of common pleas of the county in which he shall be im-

prisoned, or in which the said suit is pending or to the judge thereof, praying that he may assign his property and have the benefit of the provisions of this act."

There is no limitation in the act which excludes persons under disabilities. " Any person " means every person. If persons who are minors should be excluded by reason of their disability to make contracts, they would be deprived of the benefits of the act, and that would be a hardship to which they ought not to be subject without express words of exclusion. There are no such words in the act and of course we cannot put them there. When therefore the act extends its benefits to all persons it must be held to confer capacity to make the necessary deed of assignment by which alone those benefits can be obtained : There is no straining of the law in putting upon it this construction. It is a perfectly familiar principle that, " a saving from the operation of statutes for disabilities must be expressed or it does not exist : " Warfield v. Fox, 53 Pa. 382. "A law general in its nature binds minors and femmes covert, and there is a multitude of statutes by which the rights of such persons are affected though they are not specifically named." To the same effect are Hunt v. Wall, 75 Pa. 413 ; Cochran v. Young, 104 Pa. 333 ; Broe v. Boyle, 108 Pa. 76 ; and many other cases. In the case of The People v. Mullin, 25 Wendell, 698, the precise question was before the Supreme Court of New York under a statute " relative to voluntary assignments by a debtor imprisoned in execution in civil cases, 2 R. S. 31." It was said by the Chief Justice, " that an infant as well as an adult was entitled to the benefit of the act which is general in its terms, viz : ' every person, may at any time petition ' etc. Besides the relief from imprisonment being so highly beneficial to the petitioner his act in making an assignment must in law be regarded as valid notwithstanding his nonage."

We are clearly of opinion that the deed of assignment in the present case was in no sense invalid on account of the minority of the assignor at the time of its execution. The assignments of error are all sustained. It is obvious however that an account should be filed by the assignee. As he avers his entire willingness to do so and as we hold the deed of assignment to be a

valid instrument, it will be his duty to file an account without further delay.

The decree of the court below is reversed at the cost of the appellee, and it is ordered that the defendant file an account of his trust, the costs of this proceeding to be paid by the appellee.