Annie C. Peterson, by her next friend and father, Andrew Peterson, Appellant, v. The Delaware River Ferry Company of New Jersey.

*Statute of limitations — Persons under disabilities — Minors — Act of June 24, 1895.*

A saving from the operation of statutes for disabilities must be expressed or it does not exist.

The Act of June 24, 1895, P. L. 236, is a general act in the nature of a statute of limitations, and minors are bound by its provisions.

*Statute of limitations—Parties.*

Where a wrong party has been sued, the right party cannot be deprived of the benefit of the statute of limitations by making a writ against him relate back to the former writ to which he was not a party.

Argued Jan. 19, 1899.    Appeal, No. 364, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., December T., 1897, No. 662, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass for personal injuries.

The facts sufficiently appear by the opinion of the Supreme Court.

The court entered a nonsuit on the ground that the action was barred by the Act of June 24, 1895, P. L. 236.

*Error assigned* was refusal to take off nonsuit.

*Joseph A. Culbert,* with him *George Albert Drovin* and *John B. Rutherford,* for appellant.

*Thomas Hart, Jr.,* with him *Gavin W. Hart,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1899:

The plaintiff brought suit February 4, 1898, for injuries from the alleged negligence of defendant's employees on May 17, 1892, and was nonsuited on the ground that her action was too late.    The case raises the same questions as to the construction and constitutionality of the Act of June 24, 1895, P. L. 236, as those which have been discussed and decided in Rodebaugh v.

Phila. Traction Co., opinion filed herewith, ante, p. 358. It is not necessary to do more than refer to that opinion.

The only additional points in the present case are that the plaintiff was at the time of the injury and still is a minor, and that a suit was brought in her behalf within the statutory period against the Atlantic Railroad Company, which is alleged to be operating "to a certain extent" the boats of the present defendant.

The act of 1895 as held in the case referred to, is a general act in the nature of a statute of limitations. Its terms are general, and make no exceptions in favor of persons under disability. The settled rule is that infants as well as all others are bound by the provisions of such statutes. "A saving from the operation of statutes for disabilities must be expressed or it does not exist:" Warfield v. Fox, 53 Pa. 382. "There is no limitation in the act which excludes persons under disabilities. 'Any person' means every person. If persons who are minors should be excluded by reason of their disability to make contracts they would be deprived of the benefit of the act, and that would be a hardship to which they ought not to be subject without express words of exclusion:" Williams v. Ivory, 173 Pa. 536. It was accordingly held in this latter case that as the act of 1842 made no distinction of persons in providing for discharge from arrest for fraudulent indebtedness, on making a general assignment for the benefit of creditors, therefore a deed of assignment for such purpose was valid notwithstanding the general disability of the grantor by reason of infancy. It would be difficult to find a stronger illustration of the force of general statutes with regard to persons under disability.

The second point has no basis. A prior suit against another party cannot help this one. If the right party was there sued the issue should be fought out there, and if the wrong party was sued there the right one cannot be brought in by amendment, still less can he be sued by a new writ and deprived of the benefit of the statute of limitations by making it relate back to a former writ to which he was not a party. The present suit must stand or fall on its own merits, and not only was there no evidence of the identity of the defendant and the Atlantic Railroad Company as to liability to the plaintiff, but such evidence, even if it had been given, would have been of no avail.

**Judgment affirmed.**