MARY E. LEWIS, plaintiff below, plaintiff in error, *vs.* PAWNEE BILL'S WILD WEST COMPANY, a corporation of the State of New Jersey, defendant below, defendant in error.

*Personal Injuries—Demurrer—Statute of Limitations—Exceptions in General Statute; Do not Apply—Actions to be brought in one year—Construction of Statutes.*

1. The limitation act, passed May 28, 1897,which provides that no action for the recovery of damages upon a claim for personal injuries shall be brought after the expiration of one year from the date upon which the injuries were sustained, is not subject to the exceptions contained in the general statute of limitations, *Chap.*,123, *of the Code.*

2. Where the Legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is not the province of the Court to do so.

(*May* 6, 1907.)

NICHOLSON, CH., and SPRUANCE and GRUBB, J. J., sitting.

*Robert H. Richards* and *John B. Hutton* for plaintiff in error.

*William S. Hilles* and *Frank H. Davis* for defendant in error.

Supreme Court, June Term, 1906.

WRIT OF ERROR to the Superior Court for New Castle County.

SPRUANCE, J., delivering the opinion of the Court:

This action was brought for the recovery of damages for personal injuries sustained by the plaintiff, on May 5, 1902, alleged to have been occasioned by the negligence of the defendant company.

The action was begun by a writ of foreign attachment, issued May 31, 1904, pursuant to the provisions of the act of March 12, 1901 (22 *Laws of Del.*, *Ch.* 207), which authorized the issuing of writs of foreign attachment in actions *ex delicto.*

Under said writ certain personal property of the defendant was attached.

Subsequently the defendant, having entered security, the attachment was dissolved and the defendant was admitted to defend the action, which thereafter proceeded as if it had been commenced by summons.

The plaintiff's declaration, containing five counts, alleged, in substance, that the defendant, a corporation of the State of New Jersey, gave an exhibition in the town of Dover in this State, on May 5, 1902, which the plaintiff attended, and that she was then and there injured by the falling of certain seats which had been negligently erected by the defendant for the use and occupation of the persons attending said exhibition.

The fourth and fifth pleas of the defendant are to the effect that the plaintiff's cause of action did not accrue within one year next before the commencement of her suit.

The plaintiff's replications to said pleas alleged, in substance, that the defendant was a corporation foreign to this State, and as such had not filed any certificate in the proper office or offices, designating the name and residence of some person or agent within this State upon whom service of process might be made; and had never filed in the office of the Secretary of State a certified copy of its charter and the name or names of its authorized agent or agents in this State; that the defendant on the day when said cause of action accrued was the owner of certain personal property within this State, and that immediately thereafter it removed all its personal property without this State, and thereafter owned no property within this State until May 31, 1904, when it brought into this State certain of its personal property, which was then seized under said writ of foreign attachment.

That the plaintiff's action was brought within one year after the time when the defendant first owned within this State any property after the accruing of said cause of action.

To these replications the defendant entered a general demurrer.

The Court below sustained the said demurrer, and (the

plaintiff having declined to take a judgment of *respondeat ouster*) final judgment was entered in favor of the defendant.

The only question material for our consideration is whether the said action was or was not barred by the statute of limitations applicable thereto.

The defendant relies upon the act entitled "An Act in Relation to Pleading and Practice", passed May 28, 1897 (20 *Laws of Del., Ch.* 594) as a complete bar to this action.

The said act is as follows:

"Section 1. That from and after the passage of this act no action for the recovery of damages upon a claim for alleged person al injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained.

"Section 2. That this act shall be deemed and taken to be a public act."

*Chapter* 123 *of the Revised Code of* 1893, under the title of "*Limitations of Personal Actions*" excepts certain cases from the operation of the limitations prescribed in said chapter, among which are the following:

"Section 14. If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process; and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action."

It is contended by the plaintiff (a) That the said act of 1897 should be construed in connection with said Chapter 123 of the Code, and that the exceptions contained in the latter should be held to be applicable to the former act; (b) that Chapter 123 of the Code and said act of 1897 are "parts of one homogeneous system, or scheme, or body of laws upon the subject of limitations

LEWIS vs. PAWNEE BILL'S ETC. CO.          319

OPINION.

of actions ", and that the exceptions and savings in said chapter, in the absence of express provisions to the contrary, are applicable to all limitations of actions under the laws of this State, and that they are therefore applicable to the said act of 1897; (c) that in passing said act of 1897 the Legislature had in mind only the shortening of the period of limitation in case of actions for personal injuries, and not the exemption of actions of this character from the operation of the exemptions specified in said Chapter 123 of the Code, the general act relating to limitations of personal actions; (d) that this case is within the last clause of said Section 14 of said Chapter 123 viz: that "if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action ".

The said act of 1897 contains no saving clause whatever, and no reference to any saving clause in any other statute.

It does not purport to be an amendment or supplement to said Chapter 123 or to any other statute.   Upon its face it has no relation to said chapter or to any other statute.   It is a special statute limiting the bringing of actions for causes therein designated to one year after the cause of action accrued.

We are asked, in construing said act, to read into it, and make a part of it certain exceptions contained in another statute.

The language of said act is plain and needs no construction to ascertain its meaning.

The law on this subject is well stated in *Chauncey vs. Dyke*, 119 *Fed.* 16:   "Construction and interpretation have no place or office where the terms of a statute are clear and certain and its meaning is plain.   When its language is unambiguous, and its meaning evident, it must be held to mean what it plainly expresses, and no room is left for construction.   In such a case argument from the reason, spirit, or purpose of the legislation, from the mischief it was intended to remedy, from history or analogy for the purpose of searching out and justifying the interpolation into the statute of new terms, and for the accomplishment of pur-

poses which the law making power did not express, are worse
than futile.    They serve only to raise doubt and uncertainty
where none ought to exist, to confuse and mislead the judgment,
and to pervert the statute."

It is clearly within the power of the Legislature to fix the per-
iod within which actions shall be brought, without any exceptions
whatever.

Whether there are exceptions in favor of certain classes of
persons, or against certain other classes, depends wholly on the
will of the Legislature as expressed in the statute itself or in some
other statute of which it is a part.

In support of the contention that the exceptions in a general
statute of limitations shall be applied to a special statute of
limitation not containing such exceptions, a number of cases in
other states have been cited, but the weight of authority and
sound reason lead us to a different conclusion.

In *Warfield vs. Fox*, 53 *Pa.* 382, the question was whether
an act of limitations as to a certain class of cases, which contained
certain exceptions, should have read into it other exceptions,
contained in a prior general statute of limitations.    It was held
that "A saving from the operation of statutes for disabilities
must be expressed or it does not exist", and that the exceptions
in the general statute should not be applied to said special act.

*Peterson vs. Ferry Co.*, 190 *Pa.* 364, was an action to recover
for injuries occasioned by the negligence of the defendant's em-
ployees.    The defendant relied on a statute of limitations which
made no exceptions in favor of persons under disabilities.    Held,
that infants and all others are barred by the provisions of such
statutes, and that the saving relied on must be expressed or it
does not exist.    This case was cited and approved in *Spees vs.
Boggs*, 204 *Pa.* 504.

In *Morgan vs. Des Moines*, 60 *Fed.* 208, the Court say:
"The contention of the plaintiff in error is that the provision of
the general statute of limitations of the State (*Section* 2553; *Code
of Iowa*), which declares that minors shall have one year after the
termination of their disability within which to commence an ac-

LEWIS vs. PAWNEE BILL'S ETC. CO.        321

OPINION.

tion, should be imported, by construction, into the statute which we have copied.   To do so would be judicial legislation.   * * * * The act of February 17, 1888, is not an amendment of any previous act on the subject to which it relates.   It is new and independent legislation, and   complete in itsefl.   It establishes the rule for the class of  cases  to  which it relates.   The power of the legislature to enact the  statute  is not questioned. It would be entirely  competent for. the  legislature  to  enact a general statute of limitations  putting  minors and adults on  the same footing as to all causes of  action, and  such  would be  the legal effect of a statute  which  contained  no  saving clause exempting infants from its operation."

In *McIver vs. Regan*, 2 *Wheaton* 25, it was held that it is not competent for the Court to engraft exceptions upon a statute of limitations upon the ground that they are within the same equity as those provided by the Legislature.

In *Vance vs. Vance*, 108 *U. S.*  514, the Court say:   "The exemptions from the operation of statutes of limitation usually accorded to infants and married women do not  rest  upon  any general doctrine of the law that they cannot be subjected to their action, but in every  instance upon  express   language in those statutes giving them time after majority, or after cessation of coverture to assert their rights."

In *Amy vs. Watertown*, 130  *U. S.*  320, it was held that the general rule respecting statutes of limitation is that the language of the act must prevail, and that no reason based on apparent inconvenience or hardship will justify a departure from it; and that inability to serve process upon a defendant, caused by his designed elusion of it, is no excuse for not commencing an action within the prescribed period.

The Court say:   "Inability to serve process on a defendant has never been deemed an excuse for not commencing an action within the prescribed period.   The statute of James made no exception to its own operation in case where the defendant departed out of the realm, and could not be served with process. Hence the Courts held that absence from the realm did not pre-

vent the statute from running. * * * * Mere effort on the part of the defendant to evade service surely cannot be a valid answer to the statutory bar. The plaintiff must sue out his process and take those steps which the law provides for commencing an action and keeping it alive."

In the present case the plaintiff might have commenced her action by foreign attachment within one year from the time her cause of action accrued, and kept it alive by *alias* and *pluries* writs until the defendant brought its property within reach of process, which it did in about two years after the injuries complained of.

The law upon this subject is well summarized in 19 *Am. & Eng. Ency.*, 212, as follows: "The exceptions usually made in statutes of limitation in favor of infants, married women, and other persons under disability, do not rest upon any doctrine of law that such persons cannot be subjected to the operation of statutes of limitation, nor upon any theory of an inherent equity in their favor, but are based in every instance upon the express provisions of these statutes giving to such persons time within which to assert their rights after a removal of their disabilities. The rule is therefore well settled that unless there is an express provision in the statute in favor of persons under disability, it runs against them as against all others. As to all other exceptions to the general operation of the statute, the rule is the same. The courts cannot create exceptions in favor of any class of persons, or cases, or in favor of particular cases, when the statute itself makes none, and no hardship which might result from an adherence to this rule can justify a Court in departing from it and reading into the statute some qualification which the legislature did not provide."

While speculations as to the reasons governing the Legislature are often misleading, it may be assumed that among the reasons for reducing the period of limitation in actions for personal injuries, was that in actions of this character, the evidence being usually wholly oral, is liable to be lost by the death or absence of witnesses, failure of memory and other causes.

## LEWIS vs. PAWNEE BILL'S ETC. CO.    323

OPINION.

It is not unreasonable to suppose that similar reasons may have influenced the Legislature to purposely omit the savings or exceptions provided in the general statute of limitations.

Where the Legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is not the province of the Court to do so.—*Madden vs. Lancaster County*, 65 *Fed.* 188.

In our opinion the said act of 1897 is not subject to the exceptions contained in the general statute of limitations, Chapter 123 of the Code, and that the defendant's demurrer was properly sustained.

It is not necessary for us to express any opinion as to the contention of the defendant that the allegations of the plaintiff's replications are not sufficient to bring this case within the said execeptions.

The judgment of the Court below is affirmed.