## HILLIARD v. PENNSYLVANIA R. CO.
### No. 6441.

Circuit Court of Appeals, Sixth Circuit.
Nov. 7, 1934.

474

M. C. Harrison, of Cleveland, Ohio (Harrison & Marshman and Krieg & Stendel, all of Cleveland, Ohio, on the brief), for appellant.

T. L. Jackson, of Youngstown, Ohio (Harrington, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant was injured in the state of Pennsylvania by one of appellee's trains when he was three and a half years old. Eighteen years later he brought this suit in Ohio to recover for the injuries, alleging that they were caused by the negligence of the crew in charge of the train. The appellee by answer denied the allegations of negligence and pleaded, in bar of the action, the Pennsylvania statute of limitation, which it alleged was applicable. At the conclusion of the opening statement at the trial, the court directed a verdict for the appellee, on which judgment was entered. The record does not show whether the court acted on the view that the facts stated by counsel were not sufficient to support an inference of negligence, or was of opinion that the action was barred by limitation.

■■ In Best v. District of Columbia, 291 U. S. 411, 415, 54 S. Ct. 487, 489, 78 L. Ed. 882, it was said: "To warrant the court in directing a verdict for defendant" upon an opening statement, "it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists." See, also, Anderson v. Missouri State Life Ins. Co., 69 F.(2d) 794, 797 (C. C. A. 6). Applying this rule to the opening statement here acted upon, it is our opinion that the court was not justified in directing the verdict upon the ground that the facts stated were not sufficient to support an inference of negligence. Whether they clearly show that the action was barred when brought depends on the construction to be placed upon the statutes of Ohio limiting the time in which actions may be brought in Ohio on causes arising in foreign jurisdictions.

■■ Counsel agree that by the law of Pennsylvania, the cause of action was barred at the expiration of two years from the date of the injury. Pa. St. 1920, § 13859a (12 PS Pa. § 34); Peterson v. Ferry Co., 190 Pa. 364, 42 A. 955. They also agree that the Pennsylvania statute is a limitation on the remedy only, and that the question whether the cause of action is barred in Ohio must be determined by the law of Ohio. They differ as to the interpretation to be placed on the Ohio statutes. General Code Ohio, § 11224-1, provides: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Section 11229 provides: "Unless otherwise specially provided therein, if a person entitled to bring any action mentioned in this chapter, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by this chapter, after such disability is removed. * * *" This latter section clearly postpones the application of the former to a minor injured in Ohio until the minor shall become of age. The Pennsylvania statute, as indicated, provides that a minor's cause of action for personal injury shall be barred at the expiration of two years from the date of the injury. Thus under the Pennsylvania statutes, limitation for bringing an action for personal injury to a minor is a "less number of years" than under the statutes of Ohio. Ohio General Code, § 11234, provides: "If the laws of any state or country where the cause of action arose limits the time for the commencement of the ac-

tion to a less number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years." The time allowed by the Pennsylvania law for commencing an action for personal injury to an infant being less than the time fixed by the statutes of Ohio, it would seem plain that this statute fixes in Ohio the same period for commencing action on such causes arising in Pennsylvania as is fixed by the Pennsylvania statute. Appellant contends, however, that section 11229 of the Ohio Code, which extends section 11224-1 of the Code of that state, must be construed as likewise applicable to and extending section 11234 so far as it relates to a minor's cause of action for personal injuries arising in another state. We think the history of the Ohio statutes does not justify that construction.

The origin of sections 11229 and 11234 is to be found in the Code of Civil Procedure Act of March 14, 1853 (51 Laws of Ohio 57). Title 2 of that act is entitled "Time of Commencing Civil Actions," and is divided into chapters. Chapter 3 is entitled "Actions other than for the recovery of real property." Section 19 thereof is substantially the same as the present section 11229. Chapter 4 is entitled "General Provisions," and section 22 thereof corresponds to the present section 11234. The headings and numbers of the chapters were retained in Swan's Revised Statutes of Ohio (1854), and the language remained unchanged (pages 628, 629). It thus appears that causes of action arising in other states were not mentioned in the same chapter with the section relating to disabilities in either the Civil Procedure Act of 1853 or in the Revised Statutes of 1854. In the Revised Statutes of 1880, title 2 was denominated "Chapter 2" but was entitled "Time for Commencing Civil Actions." Chapter 3 became subdivision 3 and was entitled "Other Actions." Section 19 became section 4986, and the wording was changed so as to read: "If any person entitled to bring any action mentioned in this subdivision," etc. Chapter 4 became subdivision 4, and section 22 became section 4990, and as changed read: "If, by the laws of the state or country where the cause of action arose, the action is barred, it is also barred in this state." In this edition of the Revised Statutes, causes of action arising in other states were not mentioned in the subdivision which contained the section relating to disabilities. Section 4986 of the Revised Statutes was amended March 26, 1883

(80 Ohio Laws, p. 77), and therein the section relating to disabilities referred to any action mentioned in "this subdivision." Likewise, in the amendment of April 14, 1886 (83 Ohio Laws, p. 74) and the Revised Statutes of Ohio (Smith & Benedict 1893) the word "subdivision" was used in this section. The two sections were not in the same subdivision in any of these enactments. In the Ohio General Code of 1910, chapter 2, tit. 54, was entitled "Limitations of Actions," and divided into subheadings, but the subheadings were not called "subdivisions." In that Code, section 4986 of the Revised Statutes became section 11229, in its present form, under the heading "Saving Clause—Disabilities," with the word "chapter" substituted for "subdivision." This change and the adding of "Unless otherwise specially provided therein" were the work of a codifying commission. Revised Statutes, § 4990, became section 11234, in its present form, having been amended by an Act of May 10, 1910 (101 Ohio Laws, p. 226), and was printed in the same chapter under the heading "Bar of Foreign Law and Other Matters." The present Ohio General Code is the same. These changes, as we have stated, were made by a codifying commission, but the entire Code was adopted by the General Assembly of Ohio in 1910 by an act entitled "An Act to revise and consolidate the General Statutes of Ohio."

█ It is clear from the history of these statutes that prior to the Code of 1910 the disability section had no application to the section relating to causes of action arising in other states. The question, therefore, is whether we must accept the grouping of the sections in the Code of 1910 as conclusive, or should examine and consider the original statutes in determining the legislative intent of the provisions here in question. Both provisions were enacted at the same time. Section 11234 definitely provides for the same period of limitation as exists in the state where the cause of action arose, provided it is "a less number of years" than the Ohio period. A preceding section in the same enactment deals, as we have seen, with the Ohio limitation in actions for personal injuries to minors. The plain purpose of section 11234, it seems to us, is not to extend the limitation as to causes arising in other states beyond the periods fixed in such states. This purpose would be defeated if appellant's construction of section 11229 is to be accepted. Furthermore, we cannot suppose that it was intended by the enactment of section 11229 to make the Ohio courts the haven of infants and other persons under disability having claims outlawed in the states in which they arose. In this situation we think there is such doubt as to the meaning of the two provisions as to justify resort to the original statutes as an aid in arriving at the legislative intent. Ash v. Ash, 9 Ohio St. 383; Hamilton v. Steamboat R. B. Hamilton, 16 Ohio St. 428; State ex rel. v. Commissioners of Shelby County, 36 Ohio St. 326; Allen v. Russell, 39 Ohio St. 336; The State ex rel. Manix v. Auditor of Darke Co., 43 Ohio St. 311, 1 N. E. 209; State ex rel. Pugh v. Brewster, 44 Ohio St. 249, 6 N. E. 653; State v. Stout, 49 Ohio St. 270, 284, 30 N. E. 437. There are, it is true, decisions of the Supreme Court of Ohio where the court has refused to allow earlier acts to influence interpretation of later ones, but an examination of those decisions shows that in each case it was clear from the wording of the revised act that a "change in substance was intended." In our opinion, there is no such intent apparent from the wording of this act, and we must therefore hold that section 11229 does not relate to causes of action arising in other states and does not have the effect of extending the period of limitation fixed by the Pennsylvania law as imported into the Ohio law by section 11234.

█ The appellant contends that the appellee is estopped from asserting the defense of limitation because of a statement made by its claims adjuster to appellant's father, shortly after the accident, that "when the boy gets to be twenty-one years old, he can determine for himself whether he will file a lawsuit or not." This statement did not amount to an express promise or agreement not to rely upon the statutes, as in Schroeder v. Young, 161 U. S. 334, 16 S. Ct. 512, 516, 40 L. Ed. 721, where the defendant stated that "the statutory time to redeem would not be insisted upon." In our view, it was but an expression of the opinion of the claims adjuster as to a matter of law. Nothing appears in the record to indicate that he was an expert in the laws of limitation or that the facts were not as well known to the father as to him. Each of the parties was chargeable with knowledge of the law. Mutual Life Ins. Co. of New York v. Phinney, 178 U. S. 327, 342, 20 S. Ct. 906, 44 L. Ed. 1088. The expression by the claims adjuster of his opinion as to the law, in such circumstances, cannot, therefore, operate as an estoppel. Fish v. Cleland, 33 Ill. 243; Hopperton v. Louisville & N. R. Co., 34 S. W. 895, 17 Ky. Law Rep. 1322; Upton v. Tribilcock, 91 U. S. 45, 50, 23 L. Ed. 203; Sturm

v. Boker, 150 U. S. 312, 336, 14 S. Ct. 99, 37 L. Ed. 1093. The case is different from Snell v. Insurance Co., 98 U. S. 85, 25 L. Ed. 52, where the party relied upon the greater knowledge of an insurance agent as to the extent of the protection offered by the policy, and, similarly, from Wheeler v. Smith, 9 How. 55, 81, 82, 13 L. Ed. 44, where a young, inefficient, and easily-misled man relied upon statements made by a distinguished lawyer in whom he reposed great confidence. Here, as stated, there was no showing that the claims adjuster was an expert in the law, or was believed to be one by the appellant's father, or that the latter was not fully as competent as the adjuster to determine what the son's rights were as to the question of law upon which the adjuster is said to have expressed an opinion.

It is our view, therefore, that the appellee is not estopped from relying upon the statutes of limitation, and that as the statutes had run when the action was commenced, the trial court rightly directed a verdict for the appellee.

The judgment is affirmed.