### OTIS et al., for Use of EATON et al. v. BENNETT.*
### No. 6412.

Circuit Court of Appeals, Third Circuit.

July 23, 1937.

*Writ of certiorari denied 58 S.Ct. 48, 82 L.Ed. ——

Edwin M. Rhea, Sidney J. Watts, and Baker & Watts, all of Pittsburgh, Pa., for appellants.

Harvey A. Miller and Miller & Nesbitt, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

The facts in this case, the law applicable thereto, and the conclusion drawn therefrom, are stated in the opinion of the trial judge, which is as follows:

"Plaintiffs are citizens and residents of the State of Ohio. Defendant is a citizen and resident of the State of Pennsylvania. On March 1, 1920, S. A. Williams, deceased, executed and delivered two demand promissory notes to plaintiffs. At that time he was a citizen and resident of the State of West Virginia. In August 1932, he moved to Pennsylvania and became a citizen and resident thereof. The defendant was appointed administratrix of his estate. Payments were made on account of the aforesaid notes February 17, 1922. Since that time no payments have been made.

"The action in this case is in assumpsit to recover the balance due on said notes. The defense, which is set up by way of new matter, is that plaintiffs are not entitled to recover on the ground that the statute of limitations has run. Plaintiffs filed a reply thereto. The case is now before us on defendant's motion for judgment on the whole record.

"Both parties argued that whether the statute of limitations is a defense to plaintiffs' claim is to be determined by the law of the forum, the law of Pennsylvania. We concur in this view.

"It is the contention of the defendant that the statute of limitations began to run when the cause of action accrued. It is the contention of plaintiffs that the statute began to run when the decedent S. A. Williams, became a resident of Pennsylvania. It is conceded that if the statute began to run when the cause of action accrued that the defense of the statute should be sustained. On the other hand, if the statute began to run when the decedent became a resident of Pennsylvania, that the statute has not run and, therefore, is not a defense to plaintiffs' claim.

"The Pennsylvania Statute of Limitations, which is the Act of March 27, 1713, § 1 (12 P.S. § 31) provides: 'All actions of debt * * * shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say * * * within six years next after the cause of such actions or suit, and not after.'

"In Amy v. Watertown, 130 U.S. 320, 324, 9 S.Ct. 537, 538, 32 L.Ed. 953, it is stated: 'The general rule' respecting statutes of limitations 'is that the language of the act must prevail, and no reasons based on apparent inconvenience or hardship can justify a departure from it.'

"In Warfield v. Fox, 53 Pa. 382, it is stated: 'A saving from the operation of statutes for disabilities must be expressed, or it does not exist.'

"In 37 C.J. 986, § 371, it is stated: 'The operation of the statute of limitations is not suspended or postponed by the absence or non-residence of either creditor or debtor unless such an exception is a rule of the statute; courts cannot engraft the exception upon the statute, and generally exceptions to a statute of limitations are not favored.'

"It is also stated in the same book, section 392, page 998: 'But where there is no statute postponing the running of limitations simply because either party is a nonresident or absent from the state at the time the cause of action accrues, the statute of

limitations begins to run from the maturity of the debt in the foreign state.'

"See, also, Rock Island Plow Co. v. Masterson, 96 Ark. 446, 132 S.W. 216, and Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346.

"The Pennsylvania Statute of Limitations contains no saving clause by reason of non-residence. We conclude, under the rule of interpretation laid down in the foregoing citations, which we believe to be sound, that the Statute began to run when the cause of action arose; therefore, that the defense of said statute is a legal defense to plaintiffs' claim, and that defendant is entitled to judgment on the whole record."

Concurring therein, we limit ourselves to affirming the judgment below thereon.