## Cohen v. Krysicki et ux.

Before Valentine, P. J., Lewis, and Pinola, JJ.

*Albert W. Brobst*, for plaintiff.

*Mose H. Salsburg* and *Henry Thalenfeld*, for defendants.

VALENTINE, P. J., November 6, 1951.—Plaintiff sued in trespass to recover treble damages under the Federal Housing and Rent Act for overcharge in rent.

The first objection sets forth that the complaint does not state whether the lease between plaintiff and female defendant was oral or in writing. This objection lacks merit. The suit is not based upon a writing, nor upon a lease, but rather to recover a penalty for an alleged violation of the act.

The second objection, which is that the complaint fails to set forth a specific sum which plaintiff seeks to recover is well founded. The complaint alleges:

"7. Although defendants knew of the maximum rent chargeable in accordance with the order rendered by the Scranton-Wilkes-Barre Rent Office establishing a maximum rent for the said premises at $35 per month, nevertheless, for the month of July 1947 and for each and every month thereafter, defendants wilfully and illegally demanded and collected from plaintiff an excess of $10 per month over the maximum rental ceiling fixed for the said premises, up to and including the month of July 1951, the same being $10 per month in excess of the maximum ceiling rental chargeable to plaintiff; the excess collected by defendants during plaintiff's tenancy amounting to $480."

The claim of plaintiff is set forth in the following language:

"Wherefore, plaintiff claims there is justly due to him from defendants as liquidated damages, an amount equal to three times the excess rent which defendants collected, demanded and received from plaintiff as provided in the Federal Housing and Rent Act of June 30, 1947, as amended, 61 Stat. L. 199, 50 USC App. §1895, plus a reasonable attorney's fee, as well as costs."

Plaintiff alleges that defendants collected excess rent totaling the sum of $480. However, his recovery is

limited to three times the amount paid during the period of one year prior to the institution of the suit. Meyercheck v. Givens, 180 F. (2d) 221. The complaint sets forth no amount. We think the designation of an amount essential.

"As a broad general principle, it may be said that a plaintiff who seeks recovery of damages should allege facts showing that he has been damaged and the nature of the injuries relied upon as damages. He should not only allege a claim for damages in a *specified* amount, but he should allege that he has been damaged in that amount": 3 Standard Pa. Practice, 15 §48.

In Clark v. Steele, 255 Pa. 330, it is said (page 338) : "It must be conceded it was the duty of plaintiff not only to prove the damages which he suffered, but properly to allege them in his statement of claim." There is nothing in the procedural rules which dispenses with this requirement.

In Kiselavach et al v. Giarratano et ux, 41 Luz. 313, relied upon by plaintiff, the claim was for an excess amount, viz., $600. In holding the complaint sufficient, Judge Pinola said:

"The Housing and Rent Act of 1947, as amended (50 USCA App., Sec. 1895) limits the amount to be recovered by the plaintiff to three times the excess paid during one year immediately preceding the filing of the suit. On this basis the plaintiff could recover only $360.00. This fact, however, in no way affects plaintiff's pleading. It was long ago held, in Scranton Axle & Spring Co. v. Scranton Bd. of Trade, 271 Pa. 6, that 'where a plaintiff's statement makes a prima facie case, he cannot be turned out of court on demurrer thereto, even though he may claim more damages than he will ultimately be entitled to recover.' "

In our judgment Judge Pinola's conclusion was entirely correct, but the decision in that case has no appli-

cation to the present situation. Here the complaint sets forth no sum.

The third objection is that the complaint sets forth no cause of action against the male defendant. The complaint alleges that female defendant, Feliksa Krysicki, is the owner of the premises leased by plaintiff, and that she and her husband (the other defendant) reside on the first floor of the building. The complaint further alleges that "the defendants wilfully and illegally demanded and collected an excess of $10 per month over the maximum ceiling fixed for the premises." Section 1895 of the Housing and Rent Act of June 30, 1947, 61 Stat. at L. 199, 50 USC §1895, authorizes a recovery against "*any person* who . . . accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed." This language is all embracing, and plaintiff is not limited to a recovery against the landlord or lessor. "Any person" means every person: Peterson v. Ferry Co., 190 Pa. 364-65.

In Prashunas v. Gownley, 80 D. & C. 197, suit was brought against the person alleged to have collected the excess rent. In passing upon a preliminary objection that the coöwners of the property were not joined as defendants, Judge Flannery said:

"The complaint alleged that the defendant demanded, accepted or received the overcharge. This is sufficient and brings the case within the Act. Woods v. Willis, 171 F2d 289; Dorsay v. Martin, 58 Federal Supplement, 722; and Mayer v. Buchanan, 50 A2d, 595."

Therefore, now, November 6, 1951, the first and third objections are dismissed. The second objection is sustained and plaintiff is directed, within 20 days from date, to file an amended complaint in accordance with this opinion.