Ronald JONES, a minor, by his parent and natural guardian, Alvin B. Jones and Alvin B. Jones, in his own right

v.

Harry RABINOWITZ, a/k/a Harry Robbins.

No. 68–851.

United States District Court E. D. Pennsylvania.

Feb. 14, 1969.

Edward Stock, Philadelphia, Pa., for plaintiffs.

Liebert, Harvey, Bechtle, Herting & Short, by Harry A. Short, Jr., Philadelphia, Pa., for defendant.

### ⁂ MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

This case arises from personal injuries allegedly sustained by the minor plain-

tiff on defendant's land in Delaware on July 29, 1963. Suit was started on April 19, 1968. Defendant has asserted the Pennsylvania Statute of Limitations, Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34, as an affirmative defense and has moved to dismiss.

Sitting as a diversity court, we are of course bound to apply Pennsylvania conflict of laws rules. Klaxon Company v. Stentor Manufacturing Company, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). And Pennsylvania has left no doubt that, in accordance with the general rule,[1] the statute of limitations to be applied to Pennsylvania law suits is that of Pennsylvania. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931); Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517 (1949).

The question, then, is not what statute is to be applied, for that is clear. Rather, the question is whether, under the circumstances of this case, a Pennsylvania court would hold that the statute was tolled. Neither the diligence of counsel nor our research has disclosed any authority, either in Pennsylvania or elsewhere, directly on point. However, the statute itself is clear enough. It provides:

> "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; * * *."

Pennsylvania courts have consistently shown a reluctance to erode the rather sweeping, general and mandatory terms of the statute. Thus, it has been said that there is no tolling as to minors, Schmucker v. Naugle, 426 Pa. 203, 231 A.2d 121 (1967), or even as to one *non compos mentis*, Walker v. Mummert, 394 Pa. 146, 146 A.2d 289 (1958). And it

---

1. Hartwell v. Piper Aircraft Corporation, 186 F.2d 29 (C.A.3, 1951); Rest. (2nd), Conflict of Laws, Proposed Final Draft, § 603; 3 Beale, Conflict of Laws, p. 1620 (1935); Ailes, "Limitation of Actions and The Conflict of Laws", 31 Mich.L.R. 474 (1933).

has been said that the running of the statute is not tolled by "mistakes, misunderstandings or lack of knowledge in themselves * * *". Nesbitt v. Erie Coach Co., 416 Pa. 89, 93, 204 A.2d 473, 475 (1964).

 The statute here involved speaks broadly of "every suit." There is no exception in the Act that would diminish its effect where a cause of action arising in a foreign state is asserted in Pennsylvania against a non-resident of that foreign state. And in Peterson v. Delaware River Ferry Co., 190 Pa. 364, 42 A. 955 (1899), speaking of this Act the court said, at page 365, 42 A. at page 955:

"The act of 1895, as held in the case referred to, is a general act in the nature of a statute of limitations. Its terms are general, and make no exceptions in favor of persons under disability. The settled rule is that infants, as well as all others, are bound by the provisions of such statutes. 'A savings from the operation of statutes for disabilities must be expressed or it does not exist.' Warfield v. Fox, 53 Pa.St. 382. 'There is no limitation in the act which excludes persons under disabilities. "Any person" means every person. * * *' "

It is true, as plaintiff points out, that where a cause of action arises in Pennsylvania and the defendant becomes a non-resident of that state, the statute is tolled. Act of May 22, 1895, P.L. 112, § 1, 12 P.S. § 40. However, that Act plainly does not apply to a foreign cause of action. Shaffer's Estate, 228 Pa. 36, 76 A. 716 (1910).

Exceptions to statutes of limitation are not favored and courts are not free to engraft upon the statutes such exceptions. Cf. Otis v. Bennett, 91 F.2d 531 (C.A.3, 1937), cert. den. 302 U.S. 727, 58 S.Ct. 48, 82 L.Ed. 561 (1937). To accept the plaintiff's position would be to establish by judicial fiat an exception to the operation of an unambiguous statute, an exception that the legislature saw fit not to include. This we think the courts of Pennsylvania would not do, nor therefore, will we.

## ORDER

And now, this 14th day of February 1969, it is ordered that the defendant's motion to dismiss be and it hereby is granted and the complaint is dismissed with prejudice.