## Philadelphia, Baltimore & Washington R. R. to use *v.* Quaker City Flour Mills Co., Appellant.

*Statutes—Construction—Prospective or retrospective operation.*
1. Statutes should always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the legislature.

*Statutes of limitation — Construction — Prospective and retrospective operation—Constitutional law—Power of the legislature —Power of Congress.*
2. As a general rule a statute of limitations applies to actions occurring after its passage, unless such limitation, by express language or necessary implication, is made to cover existing rights of action.

3. In statutes of limitations the legislative authority determines what the reasonable length of time should be to bring an action, and the courts intervene only when the time fixed by the legislature is not sufficient to protect the rights of the parties.

*Statute of limitations—Demurrage—Charges—Penalties—Carriers—Railroads—Transportation Act of Congress of February 28, 1920, ch. 91, section 424, 41 Stat. at L. 456, 492—Constitutional law—Obligation of contracts—Due process of law.*
4. A statute of limitations requiring existing actions to be brought within a prescribed time from the date when the cause of action arose, is constitutional and within the legislative powers, provided a reasonable time thereafter be given by the act for the commencement of the suits, the cause of which had accrued when the law became effective.

5. Congress may prescribe a limitation to actions where none existed, and it may change one already established.

6. In so legislating, Congress is not restricted by section. 10, article I, of the Constitution of the United States, which prohibits the impairment of the obligation of contracts, as the provision applies solely to the states but is controlled equally with the states in that there is a prohibition against depriving persons or corporations of property rights without due process of law.

7. The Transportation Act of February 28, 1920, ch. 91, section 424, 41 Stat. at L. 456, 492, fixing a time limit of three years for carriers in interstate traffic to sue for charges, was intended to abrogate the rule previously existing.

8. As the act did not specify a time in the future when it was to be operative, it must be held to have become effective on all causes of action from the date of enactment, giving to causes already accrued the full period of three years fixed by the act, provided, however, that they were not barred in less time by the state statute of limitation in effect at the time the cause accrued.

9. An action brought by a railroad company in 1922, to recover in a demurrage charge which had accrued in Pennsylvania in 1916, and not barred by the statutes of that state, is not barred by the Transportation Act of 1920.

10. Demurrage is not a penalty, but earnings improperly lost in the detention of the carrier's cars for a period of time longer than necessary to load or unload. A claim for demurrage comes under the designation "charges or any part thereof" as used in the Transportation Act of 1920.

Argued December 5, 1924. Appeal, No. 142, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1922, No. 395, for plaintiff on statutory demurrer, in case of Philadelphia, Baltimore & Washington R. R. Co. to use of Penna. R. R. Co. v. Quaker City Flour Mills Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for demurrage charges.

Statutory demurrer. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $11,067.47 on demurrer. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*M. Hampton Todd,* for appellant.—The act says "all actions" shall be begun within three years from the time the cause of action accrues and not after. It does not say that the limitation shall apply to such rights of action as shall hereafter accrue, nor is the expression "all actions" in any wise limited in its application: Sohn v. Waterson, 84 U. S. 596; Terry v. Anderson, 95 U. S. 628; Koshkonong v. Burton, 104 U. S. 668; McGahey v. Virginia, 135 U. S. 662; Rodebaugh v. Traction Co., 190 Pa. 358; Bowden v. R. R., 196 Pa. 562; Black v. Rys., 257 Pa. 273; Shelly v. Dampman, 1 Pa. Superior Ct. 115, 119; Rankin v. Rinehart, 60 Pa. Superior Ct. 385, 393.

*Charles Myers,* with him *Barnes, Biddle & Morris,* for appellee.—All statutes are to be considered prospective unless the language is express to the contrary or there is a necessary implication to that effect: U. S. Fidelity Co. v. Struthers, Wells Co., 209 U. S. 306; Taylor v. Mitchell, 57 Pa. 209; Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187; Lewis v. Penna. R. R., 220 Pa. 317; Brubaker's Est., 59 Pa. Superior Ct. 109; Union P. R. R. v. Laramie Stock Yards, 231 U. S. 190; Cameron v. U. S., 231 U. S. 710; Schwab v. Doyle, 258 U. S. 529; Bowden v. R. R., 196 Pa. 562.

It should be noted that in the case at bar the cause of action accrued more than three years before the passage of the Transportation Act and, therefore, will be presumed that it was not the intention of Congress to bar this cause absolutely, since such an intent would be unconstitutional.

OPINION BY MR. JUSTICE KEPHART, January 19, 1925:
Plaintiff is a common carrier engaged in the transportation of interstate commerce. Defendant, because of a violation of the company's rules, duly promulgated, relating to holding consigned cars, became liable to plaintiff for a sum of money, commonly called demur-

rage, for which this suit was brought. The cause of action arose in 1916 and this proceeding was instituted in 1922. It was defendant's position in the court below, and is here, that the right to sue was barred by the Transportation Act of February 28, 1920, ch. 91, section 424, 41 Stat. at L. 456, 492, which reads as follows: "All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after." Demurrage is not a penalty, but earnings improperly lost in the detention of the carrier's cars for a period of time longer than necessary to load or unload. The claim therefore comes under the designation "charges or any part thereof."

Prior to the Transportation Act, the limitation in this State was fixed by our own statute at six years. This act of Congress was the first legislative expression by the federal government limiting the time within which suits may be brought to recover the carrier's charges. A statute of limitations requiring existing actions to be brought within a prescribed time from the date when the cause of action arose is constitutional and within legislative powers, provided a reasonable time thereafter be given by the act for the commencement of the suits, the cause of which had accrued when the law became effective: Sohn v. Waterson, 17 Wallace 596, 598; Terry v. Anderson, 95 U. S. 628, 632; Koshkonong v. Burton, 104 U. S. 668, 675; McGahey v. Virginia (In re Brown), 135 U. S. 662, 705; Bowden v. P., W. & B. R. R. Co., 196 Pa. 562; Canadian Northern Ry. Co. v. Eggen, 252 U. S. 553, 562. Congress may prescribe a limitation where none existed, and it may change one already established. Parties have no more vested right in a particular limitation than they have in an unrestricted right to sue, or the form in which the action may be prosecuted: Terry v. Anderson, supra, 633. In so legislating, Congress is not restricted by section 10, of article I, of the Constitution of the United States, which prohibits the impair-

ment of the obligation of contracts, as this provision applies solely to the states, but is controlled equally with the states in that there is prohibition against depriving persons or corporations of property without due process of law: Sinking-Fund Cases, 99 U. S. 700, 718.

Statutes of limitation are statutes of repose enacted for the common weal to quiet threatened disputes or litigation. As a general rule a statute of limitation applies to actions occurring after its passage, unless such limitation by express language, or necessary implication, is made to cover existing rights of actions. Whether it does so apply becomes a question of legislative intent to be found in the act. It is an established rule in the interpretation of statutes that they should be construed as operating prospectively unless the language clearly expresses a contrary intent, or a necessary implication to that effect: U. S. Fidelity & Guaranty Co. v. Struthers Wells Co., 209 U. S. 306, 314; U. P. R. R. Co. v. Laramie Stock Yards Co., 231 U. S. 190, 199; Cameron v. U. S., 231 U. S. 710, 720; Schwab v. Doyle, 258 U. S. 529, 534. "There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively unless the language is so clear as to preclude all question as to the intention of the legislature": Taylor v. Mitchell, 57 Pa. 209, 211; Neff's App., 21 Pa. 243, 247; Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187, 191; Brubaker's Est., 59 Pa. Superior Ct. 109, 113. "Words in a statute ought not to have a retrospective operation, unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied": U. S. v. Heth, 3 Cranch 399, 413.

It is clear the Transportation Act fixing a time limit of three years for carriers to sue for charges was intended to abrogate the rule previously existing; and it is equally clear that if the limitation applies retrospectively to this cause of action, without giving a right

to sue, it would violate the due process provision of the Constitution of the United States, as the right accrued more than three years before the act was passed: Sohn v. Waterson, supra, 599; Union Pacific R. R. Co. v. Laramie Stock Yards Co., supra, 200; Herrick v. Boquillas Land and Cattle Co., 200 U. S. 96, 102. A right existing at the time the contract was executed should not be thus summarily swept aside, else nothing would remain as to the enforceability of obligations,—as they might then be treated as the party in default wished to regard them.

To what extent, if any, did Congress intend the new rule to apply to rights of action already accrued? A cause of action accrues at the moment the party has a legal right to sue. The act speaks definitely, "all actions" shall be prosecuted within three years "from the time the cause of action accrues." Are these words so "clear, strong and imperative" that no other meaning may be given than that they were intended to operate retroactively? The words "all actions," comprehensive in meaning, are modified and controlled by the words which follow,—"from the time the cause of action accrues." When treated in a strict grammatical sense, the words undoubtedly speak prospectively.

It is not possible, however, that Congress, by using these words, intended to leave certain causes without limitation of time within which to sue, and therefore took away entirely from the operation of the act all causes of action already accrued. If such view were sustained, our own statute of limitation would control, but in states without laws on the subject, the right would be unlimited, and there would be no uniformity of right affecting all persons subject to the act. The Transportation Act did not intend to leave existing rights in this condition. See Rankin v. Rinehart, 66 Pa. Superior Ct. 385 (where the five-year limitation as to reviving judgments against estates of decedents was before the court), and Sohn v. Waterson, supra, the leading case in the Supreme Court of the United States. As the act did not

specify a time in the future when it was to be operative, it must be held to have become effective on all causes of action from the date of enactment, giving to causes already accrued the full period fixed by the act (three years), provided, however, they were not barred in less time by the state statute of limitation in effect at the time the cause accrued. As stated in Bowden v. P., W. & B. R. R. Co., 196 Pa. 562, 565, "The limitation of so many years......from the date when the cause of action accrued is, with reference to causes of action already in being, understood to mean so......many years...... from the date of the enactment, thus putting all causes of action, already accrued and yet to accrue, upon the same footing, and giving the statute a prospective...... operation." And in Sohn v. Waterson, supra, the Supreme Court of the United States said (p. 600), "A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others. It was substantially adopted by this court in the cases of Ross v. Duval, (13 Peters 45, 62), and Lewis v. Lewis (7 Howard 776, 778). In those cases certain statutes of limitation..... had originally excepted from their operation nonresidents of the state, but this exception had been afterwards repealed; and this court held that the nonresident parties had the full statutory time to bring their actions after the repealing acts were passed, although such actions may have accrued at an earlier period. 'The question is,' says C. J. TANEY (speaking in the latter of the cases just cited), 'from what time is this limitation to be calculated? Upon principle, it would seem to be clear that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature had otherwise provided.'" Reaffirmed in Union Pacific R. R. Co. v. Laramie Stock Yards Co., supra, 200.

The act in question applies to the present litigation, and unless the plaintiff was barred by the state statute

it had the full period of three years within which to bring suit; as a fact it not only brought its suit within that period of three years but within the period fixed by the state statute of limitations.

Appellant argues that the cause of action arose more than three years before the passage of the Act of 1920, and appellee is restricted to a reasonable time after its passage within which to institute its suit; inasmuch as it waited for two years, that period is unreasonable, hence appellee is barred by the limitation, citing Lamb v. Powder River Live Stock Co., 132 Fed. 434. In other words, though the legislature has fixed a time limit which it deems reasonable, appellant asks the court to hold that as to causes of action already accrued the time thus given is unreasonable in being too long, and, in determining what would be a reasonable time for this suit, the limits in the case just, cited are relied on. To follow appellant's argument to its logical conclusion, each case would depend on its own particular facts; in some instances the court would determine as a question of law whether the time within the legislative-fixed time was reasonable or not, and in others a jury might decide.

Whether we consider the statute as acting prospectively only to causes of actions that may hereafter accrue, and apply the common law rule that a reasonable time after the enactment of the statute was allotted to this plaintiff to sue, and that would be the time fixed by the legislative body, or whether we consider the act in the light in which we have already held it to apply, that is, to all actions accrued and to accrue, the result is the same. But if we treat the act as wholly prospective, eliminating the common law rule as to accrued actions, then these actions are without limitation, save as controlled by local state statutes, and plaintiff's suit is in time.

Appellant has wholly misapplied what was decided in Lamb v. Powder River Live Stock Co., 132 Fed. 434, and the cases there cited. All that these cases determined

was whether the statutory period fixed by the legislature was reasonable or unreasonable. "No one rule as to the length of time which will be deemed reasonable can be laid down for the government of all cases alike. Different circumstances will often require a different rule. What would be reasonable in one class of cases would be entirely unreasonable in another": McGahey v. Virginia (In re Brown), 135 U. S. 662, 701, 707. "The determination of that department [the legislative] should not be interfered with by the courts, unless the time allowed to bring suits upon existing causes of action is, in view of all the circumstances, so short as not to give parties affected by it a reasonable opportunity to protect their rights under the new law": Wheeler v. Jackson, 137 U. S. 245, 256. But it does not follow that because periods of four, six and seven months have been held reasonable in certain cases, that a longer period (three years as fixed by the legislature) is unreasonable. Reasonableness covers a field not marked by sharply defined lines, upon one side or the other of which all specific times must fall. In statutes of limitations the legislative authority determines what the reasonable length of time should be, and the courts only intervene when the time fixed by that body is not sufficient to protect the rights of the parties. It has never been asked, except in the present case, to hold that the time given by the act is unreasonable because it gave too much time.

We therefore hold that the plaintiff brought his suit within the time fixed by the law, and the judgment of the court below is affirmed.