# CHARLESTON

## NEW YORK CENTRAL RAILROAD CO. *v.* WHEELING CAN COMPANY

(No. 5260.)

Submitted October 6, 1925.   Decided October 13, 1925.

1. CARRIERS—*Federal Transportation Act February 28, 1920, Held Retroactive as to Actions at Law by Carriers to Recover Charges.*

   Sec. 424 of the federal Transportation Act of Feb. 28, 1920 (Comp. St. Ann. Supp. U. S. 1923, Sec. 8584), providing that all actions at law by carriers for recovery of their charges shall be begun within three years from the time the cause of action accrues, and not after, is retroactive, in that it applies to all suits at law by such carriers, the cause of action of which accrued less than three years before the act became effective; provided always, that the time remaining for the action on the claim is a reasonable time.   (p. 134.)

2. SAME—*Eight Months Held Reasonable Time for Assertion of Claim by Carrier to Recover Freight Charges.*

   A case in which, by the application of the federal limitation act thereto, eight months remains for the assertion of a claim for freight charges.   The time so remaining is held to be a reasonable time for the assertion of the claim by suit at law.   (p. 140.)

Error to Circuit Court, Ohio County.

Action by the New York Central Railroad Company against the Wheeling Can Company.   Judgment for plaintiff and defendant brings error.

*Judgment reversed, and judgment of nil capiat entered.*

*Wright Hugus* and *J. E. Bruce,* for plaintiff in error.
*Erskine, Palmer & Curl,* for defendant in error.

LIVELY, PRESIDENT:

This is an action by the New York Central Railroad Company against the Wheeling Can Company for the recovery

of freight charges alleged to be due the carrier. Upon submission of the case to the circuit court upon an agreed statement of facts, judgment was rendered in favor of the Railroad Company for the sum of $163.66 and costs. This writ followed.

From the agreed statement of facts it appears that on Sept. 21, 1917, the Wheeling Can Company (hereinafter called the "Can Company"), the shipper, delivered to the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, at Warwood, W. Va., a shipment of 385 packages of tin consigned "to the order of Wheeling Can Company, 80 South Street, New York, New York". The initial carrier accepted the shipment on Sept. 25, 1917, and issued to the defendant Can Company a non-negotiable bill of lading in which the defendant named itself as consignee, and signed the bill of lading as shipper. The shipment was made with sight draft attached to the bill of lading. The Republic Trading Company paid the draft, and on Nov. 20, 1917, secured possession of the goods. The New York Central Railroad Company (hereinafter called the "Railroad Company"), the final and delivering carrier, delivered the goods to the Trading Company before receipt of the waybill and without collecting the freight charges from the Trading Company or the defendant Can Company. Sometime subsequent to this, on Feb. 27, 1920, the Republic Trading Company was adjudged to be bankrupt. Efforts were made by the Railroad Company to collect the freight charges on the shipment, from the Trading Company before bankruptcy, and after the adjudication aforesaid, from the trustee in bankruptcy. All of these efforts failed. It was further agreed that if the plaintiff Railroad Company should recover in this action, it is entitled to freight charges amounting to $163.66 with interest thereon from Nov. 20, 1917, computed in accordance with the tariffs and classifications of the Interstate Commerce Commission in force at the time shipment was made. A letter received by the Can Company from the Railroad Company, dated March 11, 1922, demanding payment of freight charges, was the first notice to the defendant that the plaintiff had not collected the freight charges from the Republic Trading Company.

The issues raised were: (1) that by the contract of affreightment the Republic Trading Company alone was to be responsible for the freight charges; (2) that the Can Company, if liable as shipper, was only secondarily liable, and because of the Railroad Company's neglect to either collect the freight charges from the Republic Trading Company or to notify the defendant immediately that the freight had not been collected, it was estopped from seeking payment of the charges from the defendant; and (3) that this action is barred by Section 424 of the Federal Transportation Act of Feb. 28, 1920, amending the second paragraph of Section 16 of the Interstate Commerce Act of 1887, by which it is provided that all actions at law by carriers for recovery of their charges shall be begun within three years from the time the cause of action accrues, and not after.

From the view we take of this case, it will be unnecessary to discuss the first two issues raised, relating to the question of whether the Railroad Company has a cause of action against the defendant Can Company for the collection of the freight charges. For, even if it should be held that such action exists, yet if it be barred by a statute of limitations applicable thereto, such bar would be decisive of the present controversy. We shall, therefore, direct our attention to the third issue, that of the statute of limitations.

In the circuit court the defendant interposed a plea of the statute of limitations, alleging that the action was barred under the provisions of Sub-section 3, of Sec. 16 of the Interstate Commerce Act, as amended Feb. 28, 1920, which provides that:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after. All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, unless the carrier, after the expiration of such two years or within ninety days before such expiration of such two years or within ninety days before such expiration, begins an action for recovery of charges in respect of the same service, in which

case such period of two years shall be extended to and including ninety days from the time such action by the carrier is begun. In either case the cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after. A petition for the enforcement of an order for the payment of money shall be filed in the District Court or state court within one year from the date of the order, and not after''.

The Railroad Company's cause of action accrued on Nov. 20, 1917, the date of delivery of the goods, and there being no federal act at that time, our State statute controlled the remedy. Under the provisions of our State law the action must have been brought within five years. Under the federal statute of limitations, effective Feb. 28, 1920, such actions are barred within three years.

What effect does the federal statute have on the plaintiff Railroad Company's cause of action which had been subject to the state statute for approximately 2 years and 3½ months? This is the controlling question on this issue. The defendant Can Company contends that the federal statute of limitations is operative upon causes of action existing at the time the statute went into effect, and that the suit now before us not having been instituted within three years from the date the cause of action accrued, namely, Nov. 20, 1917, the same is barred. On the other hand, the plaintiff Railroad Company argues that the federal act must be construed to operate prospectively as to existing causes of action, and the present action brought Nov. 8, 1922—well within the three years fixed by the statute—was not barred.

There can be but little doubt that statutes of limitation will not be given a retroactive effect, unless it clearly appears that the legislature so intended. 37 C. J. Sec. 10, page 691; *Harrison* v. *Harman,* 76 W. Va. 412. ''But a statute of limitations may have effect upon actions which have already accrued after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the legislature to be gathered therefrom, and the general rule just stated, even when the rule is declared by statute, cannot

be invoked to defeat the intention when it is made obvious or manifest by the terms of the statute". 37 C. J. Sec. 10, pages 691-692. Where a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have accrued, the language of that statute would naturally make it apply to past actions as well as to those arising in the future. 37 C. J. Sec. 12, page 694; *Sohn* v *Waterson,* 17 Wall. 596. "General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness and justice". Vol. 2 (Second Edition) Lewis' Sutherland Statutory Construction, page 1227.

The leading federal authority on the proposition under discussion is the case of *Sohn* v. *Waterson,* 17 Wall. 596, in which the court said:

"When a statute declares generally that no action, or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that would enable it to stand courts have given it a prospective operation". As was said in the case of *Button* v. *Atchison, T. & S. F. Ry. Co.* (1924), 1 Fed (2d) 709, in discussing the case of *Sohn* v. *Waterson, supra,* "This case involved a statute of limitation fixing two years for the commencement of an action upon a judgment. At the time the statute took effect more than four years had already run upon the judgment sued upon. Therefore, if the statute were applied it would absolutely bar the cause of action when the statute took effect. All that is said in the opinion must be construed in the light of this fact. The sole reason for not giving the statute effect according to the

natural import of its language, is that such an interpretation would destroy or impair vested rights''.

We have found but two cases construing the provisions of Sub-section 3, of Sec. 16 of the Interstate Commerce Act, as amended Feb. 28, 1920. They are *Button* v. *Atchison, T. & S. F. Ry. Co.* (1924), 1 Fed. (2d) 709, and *Philadelphia, B. & W. R. Co.* v. *Quaker City Flour Mills Co.* (1925), 127 Atl. 845.

In the *Button* case, *supra*, the action was brought by the railroad company to recover an undercharge on an interstate shipment. The right to recover was based solely upon the Interstate Commerce Act. The defense relied upon was the statute of limitations. At the time the shipment was made there was no federal law on the subject. The State of Oklahoma, the state in which the action was brought, fixed the limitation in an action created by statute, other than a penalty or forfeiture, at three years. After the plaintiff's cause of action had been subject to this state statute for two years and four months, Congress passed the Act of February 28, 1920, hereinbefore quoted. The plaintiff contended that its cause of action was entitled to the three-year limit fixed by the federal statute from the time its right was first subjected to that law, namely, February 28, 1920. (The plaintiff in the instant case advances the same contention). The court said: ''This construction extends the period of limitation two years and four months beyond what the plaintff was entitled to under the state law, to which the cause of action was subject at the time it accrued, and for two years and four months thereafter. The rule invoked by plaintiff is the familiar one that statutes will not be given a retroactive effect, unless such an intent is clearly expressed by the Legislature. The foundation of this rule as applied to statutes of limitation is that if the act was given retroactive effect it would impair or destroy rights acquired under the former law''. The judge writing the opinion of the court discussed the case of *Sohn* v. *Waterson*, 17 Wall. 596, and remarked, as pointed out above, that all that was said in that opinion must be construed in the light of the fact that if the statute were applied, it would absolutely bar the cause of action when the statute

took effect. The court continuing said, "If no right is impaired or destroyed by giving a statute of limitation a retroactive effect, the reason of the rule upon which the plaintiff relies ceases, and the rule itself should also cease. At the time the federal statute took effect there remained eight months within which the plaintiff could have brought its action under that law. The question therefore presented is: Did Congress intend to preserve the plaintiff's right by this legislation or to enlarge it? Was it the intent of the act to extend the period of limitation for the carrier for two years and four months? No such intent is expressed in the law, and there is no reason in justice for thus enlarging the plaintiff's right by construction". The court took the view that the language used in the Act clearly evinced a legislative intent that the statute should apply to all actions. It was also pointed out in the opinion that to give the federal statute a retroactive effect would not impair any right of the plaintiff under the law in force at the time its right accrued, because under the state law the plaintiff had only three years in which to bring its action, and the same period is fixed by the federal law, and therefore, to apply the federal law to plaintiff's cause of action placed it in exactly the same position occupied under the state law. In passing, the court said, in discussing the precise question which we have in the case at bar, "If such a suit should arise in a state having a longer statute of limitations, or should be based upon a written promise in the bill of lading, the question would then be presented as to what period of limitation should be applied to the plaintiff's cause of action, in view of both the state and the federal statute. If a case should be presented, in which plaintiff's right under the former law would be impaired or destroyed by applying the federal statute to it, and giving that statute a retroactive effect, it will then be time to invoke the doctrine upon which plaintiff here relies". This decision is persuasive; especially so when it is considered that it is a federal court construing a federal statute. While the case at bar is not on "all fours" with the federal decision, we believe that it (the federal decision) is excellent authority for the proposition that under the facts in the instant case, the federal stat-

ute should be construed to have a retroactive effect and include within its scope causes existing at the date of its enactment, which accrued less than three years before the act was passed.

In the case of *Philadelphia, B. & W. R. Co.* v. *Quaker City Flour Mills Co.*, 127 Atl. 845, the Railroad Company brought an action against the defendant to recover demurrage charges. The cause of action arose in 1916, and the suit was instituted in 1922. The defendant contended that the right to sue was barred by the Transportation Act of February 28, 1920. The statutory limitation in Pennsylvania for actions of this kind was six years. After expressing the opinion that the language of the act when treated in a strict grammatical sense, undoubtedly speaks prospectively, the court said:

"It is not possible, however, that Congress by using these words, intended to leave certain causes without limitation of time within which to sue, and therefore took away entirely from the operation of the act all causes of action already accrued. If such view were sustained, our own statute of limitation would control, but, in states without laws on the subject, the right would be unlimited, and there would be no uniformity of right affecting all persons subject to the act. The Transportation Act did not intend to leave existing rights in this condition. See *Rankin* v. *Rinehart*, 66 Pa. Super. Ct. 385 * * * and *Sohn* v. *Waterson, supra,* the leading case in the Supreme Court of the United States. As the act did not specify a time in the future when it was to be operative, it must be held to have become effective on all causes of action from the date of enactment, giving to causes already accrued the full period fixed by the act (three years), provided, however, they were not barred in less time by the state statute of limitation in effect at the time the cause accrued".

These excerpts are quoted to show the trend of the courts on the proposition whether the Act of Congress is retroactive or prospective. The wording makes the limitation apply to all actions from the date they accrue. But where an action had accrued three or more years before the act took effect, to apply the limitation therein prescribed would take from that right of action all remedy thereon and destroy a vested right; so, if the act is made to apply to such right of action, its

application would render it unconstitutional. To such an action the statute, although in terms retroactive, cannot apply. But to actions which accrued less than three years before the act, it does apply, provided always that the time left for the assertion of the right under the act be reasonable. Congress may lessen or extend the time for the assertion of a right arising out of interstate commerce, if the period be not unreasonably short when lessened. When it has spoken by legislative enactment, state limitation is at an end in all cases to which the act of congress applies.

We take the view that the federal statute was intended to apply retroactively as above indicated.

There can be no doubt, however, that the power to enact statutes of limitation applying to existing causes of action is subject to the qualification that a reasonable time shall be allowed for the exercise of that existing right. The application of the act to plaintiff's cause of action gave it a reasonable time in which to assert it. It had eight months after the date of the Act of February 28, 1920, in which to sue. *Button* v. *Atchison, T. & S. F. Ry. Co.*, 1 Fed. (2d) 709; *Terry* v. *Anderson,* 95 U. S. 628; *Wheeler* v. *Jackson,* 137 U. S. 245; *Turner* v. *New York,* 168 U. S. 90; and 12 C. J. Sec. 1000, page 1224. There is nothing shown in this case that eight months was unreasonable. The plaintiff's right under the former law was not unreasonably impaired, and surely not destroyed, by applying the federal statute to it.

The plaintiff not having brought its action within the eight months' period in which it could have done so under the federal act, its cause of action is barred. The judgment will be reversed and judgment of nil capiat entered.

*Judgment reversed, and judgment of nil capiat entered.*