## Hopkins v. Turan et al.

*M. A. Glazier* and *E. F. McGovern,* for claimant.
*James P. Harris,* for defendants.

APONICK, J., February 16, 1942.—This is an appeal from a decision of the Workmen's Compensation Board. On April 29, 1939, claimant was injured while in the employ of defendant. The claim petition was filed on May 2, 1940, one year and three days after the injury. Defendants contend that the petition was filed too late

and they have been sustained by the referee and the board.

At the time of the injury, section 315 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602, provided that a claim should be barred unless a petition was filed within two years after the accident. By The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, the period of time within which a petition might be filed was reduced from two years to one year. The amendment became effective on July 1, 1939. The petition in this case was filed in time under the act in effect when the injury was sustained but too late under the one in effect when the petition was filed. The only question before us is what is the statute of limitations on claims arising prior to the effective date of the act.

It is well settled that, while the legislature may shorten the time in which suits to enforce existing rights of action may be commenced, a reasonable time must be given by the new law for the commencement of suit before the bar takes effect: Commonwealth ex rel. Kelley et al. v. Brown et al., 327 Pa. 136, 143; Philadelphia, Baltimore & Washington R. R., to use, v. Quaker City Flour Mills Co., 282 Pa. 362, 365.

There is no such reasonable time fixed in the amendment to section 315. The amending act merely fixes the limitation at one year from the date of the accident. In other cases involving a statute of limitations, the courts have read into the act a provision that such reasonable time is the limitation of the act for cases arising after the passage of the act. In other words, cases arising after the passage of the act are limited to the period fixed by the act, computed from the date the cause of action arose and those arising before the passage of the act are limited to the same period after the effective date of the act, unless the unexpired period of the prior statute is less than that fixed in the amending act: Philadelphia, Baltimore & Washington R. R., to use, v.

Quaker City Flour Mills Co., supra; Bowden v. Philadelphia, Wilmington & Baltimore R. R. Co., 196 Pa. 562; Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358. Applying that rule to this case, the limitation for filing claim petitions is, as to cases arising after July 1, 1939, one year from the date of the accident, and as to cases arising before July 1, 1939, one year from July 1, 1939, provided that the two-year period fixed by the act in effect prior to that date has not expired.

The board has recognized the rule that a cause of action cannot be arbitrarily cut off or the limitation diminished without a reasonable time being provided within which the action may be started. However, the board has laid down the rule that each case must be considered on its own particular facts. The same proposition was advanced by defendant in the case of Philadelphia, Baltimore & Washington R. R., to use, v. Quaker City Flour Mills Co., supra. The Supreme Court properly refused to adopt such a rule and, instead, laid down the one that we have applied in this case.

Defendants rely on the cases of Seneca v. Yale & Towne Mfg. Co. et al., 142 Pa. Superior Ct. 470, and Matkosky v. Midvale Co., 143 Pa. Superior Ct. 197. Neither of those cases applies to this one. The question involved there was the converse of the present proposition and related to a lengthening of the period of time instead of a diminishing of the period. What was said there is in no way in conflict with this decision. The question now before this court was not discussed.

Now, February 16, 1942, the appeal is sustained and the record is remitted to the board for further proceedings not inconsistent with this decision.

---

NOTE.—See Gardner v. Davis Smith Co. et al., —— D. & C. ——, and Edsall v. Brownsville Water Co., —— D. & C. ——.