## Hill v. SEPTA

*Phillip H. Baer,* for plaintiff.
*Joseph F. Keener,* for defendant.

EISEMAN, J., August 6, 1974.—This matter comes before the court on defendant-petitioner's motion for summary judgment based upon the contention that plaintiff-respondent's original failure to properly commence an action in trespass by summons subsequently barred him from maintaining the action by virtue of the applicable statute of limitations.

## FACTS

Plaintiff-respondent commenced an action in trespass on September 7, 1971, by filing a praecipe with the prothonotary to issue a summons in trespass. It is alleged by petitioner and admitted by respondent that this writ of summons was never served upon defendant-petitioner. Plaintiff-respondent subsequently filed a complaint in trespass on January 2, 1974, which was served on defendant-petitioner on January 7, 1974.

On March 15, 1974, petitioner herein filed this motion for summary judgment, alleging that, since the writ of summons was never served upon it, it is a nullity so that the complaint filed on January 2, 1974, must be considered as the commencement of the action. It is, therefore, petitioner's position that since the applicable statute of limitations requires commencement of the action within two years after the date of the alleged injury and this action was commenced by complaint more than two years after the date of the alleged injury, plaintiff-respondent would

be barred from maintaining this action. Thus, petitioner moves this court for summary judgment in its favor.

## DISCUSSION

Summary judgment under Pennsylvania Rule of Civil Procedure 1035 permits the introduction of outside material including answers to interrogatories, depositions, supporting affidavits and admissions. In order to obtain a summary judgment, there can be no genuine issue of fact and the moving party must be entitled to judgment as a matter of law. It is the opinion of the court that, in the instant case, petitioner is not entitled to judgment as a matter of law.

It is basic under our law that any cause of action that is initiated for purposes of recovering damages for personal injuries sustained must be brought "within two years from the time when the injury was done:" Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34. The courts have interpreted this statute in a narrow and strict manner so that there has been an ostensible judicial reluctance to erode the mandatory two-year period in any way: Jones v. Rabinowitz, 296 F. Supp. 123 (1969). Bonfitto v. Bonfitto, 391 Pa. 187, 137 A. 2d 277 (1958). Bowden v. Philadelphia, Wilmington and Baltimore R.R. Co., 196 Pa. 562, 46 Atl. 843 (1900).

It is also fundamental under our law that an action may be commenced by filing with the prothonotary a praecipe for writ of summons: Pa. R.C.P. 1007(1). The action is commenced when the praecipe is filed, irrespective of whether the prothonotary issues the writ or the sheriff serves it. This is seen by the courts as the intent of Rule 1007(1), since plaintiff will this way

be relieved of the risk that the applicable statute of limitations may bar him even though he acted in time but someone else failed to act in time. In short, once the praecipe is filed with the prothonotary under Rule 1007(1), the action is commenced and the statute of limitations has been tolled: Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967).

In the instant case, plaintiff-respondent was allegedly injured on October 29, 1969. Pursuant to Rule of Civil Procedure 1007(1), supra, an action in trespass was commenced on September 7, 1971, by filing with the prothonotary a praecipe to issue a summons in trespass. Clearly, this was within the two-year period required by the applicable statute of limitations: Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34. Therefore petitioner herein is not entitled to judgment as a matter of law.

Petitioner-defendant makes the point that ". . . the commencement of the action is not conclusively established by the date of the writ so as to avoid the bar of the statute, but also a bona fide intent to have it served is necessary to the commencement of the action. If the writ issue without such intent, it is inoperative and the action is not commenced. Krout v. Anchor Motor Freight 81 York L.J. 131 (1967)."

This court cannot agree with its learned and able colleague from York County, since the rationale on which the Krout case is based is, in effect, an extension of statute which would require legislative, not judicial, attention and modification. A court may not modify or ameliorate an existing statute.

Although it appears inherently unfair to defendant to permit tolling of the statute by an unserved writ and to permit plaintiff an unexplained four years to pursue the action, the court observes that any change in the statute would require legislative action and cannot be implemented or court interpreted.

Further, it should be noted that, in the case at bar, defendant was aware of plaintiff's claim by virtue of its letter of request for plaintiff's medical examination as early as November 18, 1969. A copy of such letter, marked "Exhibit A" in the pleadings is uncontradicted. Although the court does not deem this of legal significance, it serves to negate defendant's equitable position that it was not alerted to plaintiff's claims.

In light of the foregoing, it is the opinion of the court that petitioner herein is not entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment must be denied.

In view of this action, the court need not address itself to the point raised by respondent that the statute was also tolled by virtue of plaintiff's disability (i.e., incarceration) under 12 PS §35.

Accordingly,

## ORDER

And now, to wit, August 6, 1974, upon consideration of the motion for summary judgment, answer thereto and the legal memoranda of the respective parties, it is hereby ordered and decreed that defendant's motion for summary judgment be and is hereby denied.